**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEWART SMITH, individually and on behalf of all others similarly situated, | : | Civil File No. 2:22-cv-4162 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **FIRST AMENDED COMPLAINT –** |
| | : | **CLASS ACTION** |
| | : | |
| NATIONAL GENERAL INSURANCE | : | |
| MARKETING, INC. | : | |
| | : | |
| Defendant. | : | |

---

### Preliminary Statement

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      The Plaintiff Stewart Smith alleges that National General Insurance Marketing, Inc. ("National General ") made unsolicited pre-recorded telemarketing calls without prior express consent and that he received those calls.

3.      Moreover, the Plaintiff alleges that National General made such calls to numbers listed on the National Do Not Call Registry, a separate violation of the TCPA.

4.    Because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.    A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6.    Plaintiff Stewart Smith is an individual residing in Pennsylvania in this District.

7.    Defendant National General Insurance Marketing, Inc. is a Missouri corporation that has its principal place of business in North Carolina.

**Jurisdiction & Venue**

8.    The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9.    The Court has personal jurisdiction over Defendant because it made calls into this District.

10.    Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue were made into this District.

**TCPA Background**

11.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

2

The TCPA prohibits automated calls to cellular telephones

12.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A).

13.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

14.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 ¶ 165 (2003).

16.     In 2012, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition,

the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd 1830, 1844 (2012) (footnotes omitted).

<u>The National Do Not Call Registry</u>

17.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

18.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

19.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **Factual Allegations**

20.     National General offers insurance services.

21.     To generate leads, National General makes telemarketing calls to consumers who have never had a relationship and who have never consented to receive their calls.

22.     Indeed, National General has previously been sued related to telemarketing that is alleged to have violated the TCPA.

23.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24.     Plaintiff's telephone number (267)-716-XXXX, is assigned to a cellular telephone service.

25.     That number is a residential telephone number that is used for residential purposes.

26.     That number is used for personal purposes.

27.     That number is also on the National Do Not Call Registry, and has been since June 11, 2010.

28.     Despite this, the Defendant placed two pre-recorded calls to the Plaintiff on August 2, 2022.

29.     The pre-recorded message on both calls was the exact same.

30.     The pre-recorded message didn't identify the company.

31.     The pre-recorded message inquired if the call recipient was interested in funeral insurance.

32.     Indeed, NoMoRobo, which won the federal government's award for detecting spam calls, identified both of the numbers that called as robocallers. *See* https://nomorobo.com/lookup/814-334-1134; https://www.nomorobo.com/lookup/562-334-2345.

33.     This is also indicative of the *en masse* nature of the calling.

34.     On one of the calls, the Plaintiff engaged with the pre-recorded message.

35.     After the pre-recorded message, the Plaintiff spoke with Nathan Johnson.

36.     Mr. Johnson identified himself as with National General and offering their insurance products.

37.     Mr. Johnson promoted the insurance services of National General.

38.     These are the insurance services that were promoted on the pre-recorded calls.

39.     National General has repeatedly been sued for violating the TCPA. *See e.g. Costa v. National General Insurance Marketing, Inc.*, Civil Action No. 22-cv-160 (M.D.NC.).

40.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

41.     The Plaintiff never provided his consent or requested these calls.

42.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

43.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a Class of all other persons or entities similarly situated throughout the United States.

44.     The Classes of persons Plaintiff proposes to represent is tentatively defined as:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number, Defendant, or a third party on their behalf, placed a call using pre-record messages (2) within the four years prior to the filing of the Complaint through trial.

**National Do Not Call Registry Class**: All persons in the United States who (1) within four years prior to the commencement of this litigation until trial (2) received two or more telemarketing call on their residential telephone line (3) from or on behalf of Defendant (4) to a telephone number that was registered with the National Do Not Call Registry (5) for more than 30 days at the time of each call.

45.     The Classes defined above are identifiable through phone records, phone number databases, and business and customer records of Defendant.

46.     Based on the *en masse* nature of telemarketing, the potential members of the Classes likely number at least in the thousands.

47.     Individual joinder of these persons is impracticable.

48.     The Plaintiff is a member of the Classes.

49.     There are questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a)  whether Defendant used a pre-recorded message to make the calls;

(b)  whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c)  whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class; and

(d)  whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

50.     Plaintiff's claims are typical of the claims of members of the Classes.

51.     Plaintiff is adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

52.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

53.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

54.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

55.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with a pre-recorded message to cellular telephone numbers.

56.     The Defendant's violations were negligent, willful, or knowing.

57.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

58.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any cellular telephone number in the future.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))**
**on behalf of Plaintiff and the National Do Not Call Registry Class**

59.     Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

60.     As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5) or $1,500 for any violation that was knowing or willful.

61.     Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number using a pre-recorded

message and prohibiting the Defendant from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

B.    As a result of Defendant's negligent, willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.    Such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

*/s/ Anthony I. Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com
*Pro Hac Vice*

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*Attorneys for Plaintiff and proposed class*